```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                      :
KEVIN KELLY, individually and on behalf of all others :
similarly situated,                                   :
                                                      :
                              Plaintiff,              :       21-cv-8134 (LJL)
                                                      :
              -v-                                     :       ORDER
                                                      :
BELIV LLC,                                            :
                                                      :
                              Defendant.              :
                                                      :
---------------------------------------------------------------------X
```

LEWIS J. LIMAN, United States District Judge:

Defendant Beliv LLC ("Beliv") requests that the Court permit it to redact certain portions of the deposition testimony of Plaintiff Kevin Kelly ("Plaintiff") from the publicly filed version of Beliv's opposition to Plaintiff's motion for class certification. Dkt. No. 46. Plaintiff did not submit any opposition to the request.

There is a presumption of immediate public access to judicial documents under both the common law and the First Amendment. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). To determine whether a document should be permitted to be filed with redactions, the Court engages in a three part test: (1) it determines whether the filing should be "classified as a 'judicial document,'" *i.e.*, whether it is "'relevant to the performance of the judicial function and useful in the judicial process'"; (2) if the record at issue is a judicial document, the court "must next determine the particular weight of th[e] presumption of access for the record at issue"; and (3) "once the weight of the presumption has been assessed, the court is required to 'balance competing considerations against it.'" *Olson v. Major League Baseball*, 29 F.4th 59, 87–88 (2d Cir. 2022) (citations omitted) (first quoting *United States v. Amodeo*, 44

F.3d 141, 145 (2d Cir. 1995); and then quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access." *S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023). Although Defendant's opposition to the motion for class certification is a judicial document, the Court concludes that the sensitivity of Plaintiff's medical condition outweighs the presumption of public access. Defendant's request is GRANTED.

The Clerk of Court is respectfully directed to close Dkt. No. 46.

SO ORDERED.

Dated: March 12, 2024
New York, New York

                                        LEWIS J. LIMAN
                                    United States District Judge